WATKINS, Judge.
This is an appeal taken by the Department of Health and Human Resources, Ru-sten State School, from the denial of a Motion for Summary Disposition filed by that State agency before the Civil Service Commission in an appeal taken to that Commission by an employee of that agency, Ernest Spencer, from a discharge of that employee. The State agency appealed to this Court, and then filed an exception of no cause of action to Spencer’s appeal to the Civil Service Commission.
The denial of the Motion for Summary Disposition by the Civil Service Commission was clearly an interlocutory determination of that Commission, analogous to a denial of a motion for summary judgment before a trial court, which is not appealable. See LSA-C.C.P. art. 968; cf. C.C.P. art. 2083.
Article 10, Section 12 of the Louisiana Constitution of 1974 clearly indicates that an appeal from a judgment of the Civil Service Commission is permitted only when that judgment becomes final. That Section, quoted in full, reads as follows:
“Section 12. Each commission shall have the exclusive power and authority to hear and decide all removal and disciplinary cases, with subpoena power and power to administer oaths. It may appoint a referee to take testimony, with subpoena power and power to administer oaths to witnesses. The decision of a commission shall be subject to review on any question of law or fact upon appeal to the court of appeal wherein the commission is located, upon application filed with the commission within thirty calendar days after its decision becomes final.”
Reading that Constitutional provision in the light of the procedural law of this State, it is apparent that a judgment of the Civil Service Commission denying summary dismissal is not a final judgment, and not subject to appeal. This court under Rule 7, Section 5(c) of the Uniform Rules, Courts of Appeal, may dismiss on its own motion an appeal of which it does not have jurisdiction. Because the judgment of the Civil Service Commission is not a final judgment, this Court is without jurisdiction under the quoted article and Section of this State’s Constitution to hear the appeal, and the appeal is accordingly dismissed. As this court lacks jurisdiction, it cannot consider the State agency’s exception of no cause of action.
APPEAL DISMISSED.