GROVER L. COVINGTON, Chief Judge.
Claimant-appellant Wheeler appeals the denial by the Civil Service Commission of his application for review of the referee’s decision which dismissed his appeal. The claimant is a physician who was employed at the Washington Correctional Institute from October 7, 1983, until February 17, 1984, when he was terminated for alleged violations of various Civil Service Rules. (He had been verbally suspended on February 3, 1984.) Although Wheeler filed an appeal of his dismissal on February 27, 1984, on several bases and a hearing was held, the referee declined to take evidence on any issue except the timeliness of the appeal. The referee ultimately dismissed the portion of the appeal concerning termination because it failed to state any basis *788 of appeal as required by Civil Service Rule 13.11; and held the portion of the appeal concerning salary was for breach of contract, and thus was not within his jurisdiction. The Commission denied review of the referee’s decision, and this appeal followed.
Appellant raises five issues here:
(1) Constitutionality of the 30-day appeal period under Civil Service Rule 13.12;
(2) Sufficiency of the basis of the termination appeal;
(3) Correctness of a directed verdict in favor of the appellees regarding receipt of certain appeal documents;
(4) Whether a decision in unemployment compensation proceedings is res judi-cata for purposes of civil service proceedings; and
(5) Subject matter jurisdiction of a salary dispute.
For the reasons herein stated, we affirm in part, amend in part, reverse in part, and remand for further proceedings consistent with this opinion.
I. Constitutionality of the Thirty-Day Appeal Period of Rule 13.12
On February 17, 1984, appellant was given undated written reasons for his termination. The reasons basically were that appellant had interfered with the job performances of the warden and fellow employees at the Washington Correctional Institute. The dismissal letter also contained charges of violations concerning controlled dangerous substances. In a two-page letter (with reference to exhibits, which were not attached to the letter of record) from appellant’s counsel, the bases of the appeal were set forth. This letter was postmarked February 27, 1984, well within the 30-day appeal period as permitted by Civil Service Rule 13.12(a)(1).
However, appellant now seeks to amend his appeal by including evidence of alleged discriminatory acts by appellees that took place after his termination and the filing of his letter of appeal. He argues that the 30-day limitation imposed by Civil Service Rule 13.12 denies him due process by denying him access to the courts on these claims.
Our review of the record convinces us otherwise. The hearings in this matter were held on August 16, 1984, December 17, 1984, and January 22, 1985. Appellant did not raise this issue at the trial level, as he could have, since the acts he complains of took place in March and April of 1984. Thus, since the question of constitutionality is being brought for the first time on appeal, we may not consider it. See, Dent v. Department of Corrections, Hunt Correctional Center, 460 So.2d 57 (La.App. 1st Cir.1984).
II. Sufficiency of the Basis of the Termination Appeal
The referee ruled that appellant had not adequately complied with Civil Service Rule 13.11 in that he had failed to state any basis of appeal regarding his termination. Appellant’s letter of appeal referred to various exhibits in connection with his appeal; however, these exhibits were not with the letter. The referee therefore confined himself to the contents of the letter, without referring to any other documents, in determining whether sufficient details were alleged to state a basis for the appeal.
Rule 13.11, which pertains to the actual request for appeal, provides in pertinent part:
A notice of appeal must ...
(d) Contain a clear and concise statement of the actions complained against and a clear and concise statement of the basis of the appeal.
The function of this rule is two-fold: (1) it apprises the appellee and the Commission of the material facts in dispute and therefore establishes the scope of the evi-dentiary hearing; and (2) it enables the Commission to gauge the amount of time needed for the evidentiary hearing by narrowing the issues. See, Shelton v. Southeastern Louisiana University, 431 So.2d 437 (La.App. 1st Cir.1983).
The letter sent by counsel for appellant to the Department of Civil Service reads:
*789 Dear Sir:
This office represents Dr. William Wheeler pursuant to Chapter 13 section 13.11. Doctor William Wheeler hereby appeals his firing from position of physician at the Louisiana Department of Corrections in Bodgalusa [sic], Louisiana.
Dr. Wheeler also appeals the salary determination effective January 26, 1984 setting his salary at $4,409.00 per month.
The facts involving both topics of appeal are as follows:
On October 7, 1983, Dr. Wheeler accepted the position of physician IV with the Department of Corrections at a salary of $4,868.00 per month.
Dr. Wheeler resigned his position with the Washington — St. Tammany Charity Hospital to accept the aforementioned position. A letter, exhibit A is attached. Department of Civil Service personnel action document is attached as exhibit B showing the designated and agreeded [sic] upon salary.
Dr. Wheeler was paid the salary of $3,307.00 per month, in breach of agreement, until January 26, 1984 when he complained repeatedly about his salary. In January of 1984, a consiparcy [sic] to ruin his character and cause his termination. Officials at the prison alledged [sic] that in fact “he was passing out pills for sex.” When Dr. Wheeler learned of this, he contacted Walter Smith, chief of the criminal division and requested a full investigation. A copy of correspondence to Mr. Smith is attached as exhibit C. An investigation came to its conclusion on February 3, 1984 pursuant to Dr. Wheeler’s request.
On February 3, 1984, the prison officials, in a hurried up and vendictous [sic] manner, then filed obsurd [sic] charges in an attempt to discredit him. These charges are attached in globo as exhibit D. Note each charge has a date of February 3, 1984 clearly typed.
On this date Dr. Wheeler was ordered off the premises and barred from the facilities.
Later Dr. Wheeler received termination notice in the form of letter marked exhibit E, effective February 16, 1984.
Dr. Wheeler avers that his character has been ruined by the actions of the officials at the prison. And that he has been discriminatied [sic] against, that his termination is and was discrimination and a fact of an ongoing conspiracy to have him fired. He further contends that he is due back pay from October 7, 1984 to the present or the difference between $4,868.00 per month that he was promised and the $3,307.00 that he was paided. [sic]
Dr. Wheeler requests a speedy hearing in this matter.
We find that the letter of appeal meets the requirements of Rule 13.11(d). Counsel for appellant specifically, though briefly, outlined in the letter the material facts relevant to the appeal: the alleged breach of contract leading to appellant’s repeated complaints, accusations of impropriety against Dr. Wheeler, an official investigation of these incidents requested by appellant, the conclusion of which coincided with the charges by prison officials against him and his suspension and ultimate termination. Read as a whole, without recourse to any other documentation, the thrust of this narrative is clear: appellant feels that his complaints were a factor in the alleged conspiracy against him and charges of impropriety, and that the investigation which he requested triggered the charges made against him and his suspension on the same date as the investigation’s conclusion. Thus, the basis of appellant’s appeal is also set forth. While such details as names of persons involved in these incidents are not given, Rule 13.11(d) requires only a clear and concise statement of the facts and basis of the appeal. It is unnecessary to set forth the evidence. The letter satisfies these requirements and allows the two-fold purpose of the rule to be met by informing the Commission and appellees of the necessity for a rather lengthy, complicated evi-dentiary hearing. Additional details and evidence, such as specific names of individ *790 uals and dates, can be developed through discovery and subpoena issuance for the hearing on the merits.
We disagree with the referee’s conclusion that appellant “has not denied any one or all of the charges on which his termination was based ... plead any defense, nor has he alleged any facts in explanation or mitigation of the conduct alleged in the termination letter.” Although the letter does not contain the actual words “appellant denies the charges against him,” the entire tenor of the letter is a denial of the causes for his termination. To require specific language or precise pleading of defenses in a letter of appeal would be to go beyond the requirements of Rule 13.-11(d). Technical pleadings are not required in administrative hearings. The letter in the instant case adequately informed the appellees of the “actions complained against” and stated the “basis of the appeal.” No more can be demanded.
Thus, we reverse this portion of the referee’s decision dismissing the appeal of Dr. Wheeler.
III. The Directed Verdict Regarding the Attachments to the Letter of Appeal
Appellant contends, as he did at the hearing below, that certain documents supporting and detailing the appeal were attached to the two-page letter of appeal received by the Commission. The referee found that there were no documents included with the letter, although the letter itself refers to Exhibits A through E. Such documents are not in the record as attached to the letter.
At the hearing, an opportunity was granted to prove that the documents in question were attached to the letter when it was mailed. The testimony of one of counsel’s employees was introduced, and copies of the documents accepted in evidence for the limited purpose of proving their physical dimensions. Based on the employee's testimony, the size of the documents, and the postage and certification fees for the envelope, the referee concluded that the envelope in which the letter was mailed and received (an ordinary 4-inch by 9½-⅛⅛ envelope) did not contain the disputed exhibits. Hence, the referee ruled in favor of appellees, and refused to consider the contents of the exhibits in determining whether appellant had stated sufficient bases for the appeal.
We find no error in the ruling of the referee on this issue. The record supports his finding of fact. The employee who testified could not remember including the documents in the envelope with the letter when it was mailed. Considering the weight and bulk of the envelope, the minimum postage and certification fees affixed to it by the U.S. Postal Service would have been insufficient if such documents had been included.
Nevertheless, we hold that the failure to enclose the referred to documents does not invalidate the appeal. Such documents may be presented at the hearing on the merits, as supportive evidence of the bases of the appeal.
IV. Whether the Decision in Claimant’s Unemployment Compensation Proceedings is Res Judicata for Purposes of Claimant’s Civil Service Proceedings
Appellant argues that a decision on March 29, 1984, by the Office of Employment Security, through one of its appeals referees, is res judicata as to his alleged misconduct, the basis for his termination. This decision allegedly stated that he was dismissed at the convenience of the employer and not for cause; appellant contends it should govern the instant proceedings and bar the trying the same issues and calling the same witnesses a second time.
Appellees argue that (1) this issue is not properly before this Court since it was raised for the first time on appeal, not at the hearing level; and (2) even if it is before the court, res judicata is not applicable because the thing demanded is not the same in both actions.
*791 We agree with appellees that this issue is not before this Court. The record is devoid of evidence concerning the unemployment compensation proceedings. Appellant has merely attached a copy of a transcript and referee’s decision to his brief, which is not permitted, under our rules. See Rules 2-1 and 2-2, Uniform Rules — Courts of Appeal. At no time on any of the three dates allotted to the Civil Service hearing did appellant raise this issue, although the unemployment compensation hearing allegedly took place prior to any of the dates in question. Therefore, under Rule 1-3 of the Uniform Rules— Courts of Appeal, which provides in pertinent part that “The Courts of Appeal will review only issues which were submitted to the trial court and which are contained in specifications or assignments of error, unless the interest of justice clearly requires otherwise,” we decline to consider this issue.
V. Subject Matter Jurisdiction of Appellant’s Salary Dispute
Appellant contends that the Department breached its agreement with him in the payment of salary. He claims that appel-lees failed and refused to pay him the $4,868.00 monthly salary agreed to when he was hired. It is his contention that he was paid only $3,307.00 per month in order to force him to quit or be dismissed, because he voiced complaints of human rights violations at the prison.
The referee dismissed this portion of the appeal for the following reason:
Appellant has not alleged that he has been discriminated against, nor has he alleged a violation of any provision o"f the Civil Service Article or Rules. Appellant’s complaint is that the Department of Public Safety and Corrections offered him a position at a certain salary, but paid him a lesser salary, and thereby breached their agreement with him. The Referee concludes that he and the State Civil Service Commission lack subject matter jurisdiction over such a claim.
We agree with the referee’s decision on this point, that appellant stated a breach of contract claim against appellees. The authority of the Commission does not extend to hearing breach of contract claims. Article X, Section 12(A) of the State Constitution, in pertinent part, states: “The State Civil Service Commission shall have the exclusive power and authority to hear and decide all removal and disciplinary cases, with subpoena power and power to administer oaths.” (Emphasis added.) Additionally, Article X, Section 8, which provides for appeals, refers to two basic types of appeals, disciplinary actions and discrimination. Since the salary dispute, regardless of the merits or motives which may have been involved, is neither a removal nor disciplinary case, and we do not find this to be a discrimination case based on the record before us, the Commission and its referee properly declined hearing the breach of contract aspect of the case because they lacked jurisdiction.
Conclusion
For the reasons discussed herein, the referee’s ruling that appellant failed to state a sufficient basis for appeal of his termination is reversed, and this case remanded for the purpose of a hearing on the merits, consistent with the views of this Court expressed herein. The directed verdict in favor of appellees regarding receipt of the documents connected with the letter of appeal is affirmed, but the referee’s decision to exclude such documents is reversed. These exhibits may be presented as evidence in the hearing on the merits.
We further affirm the referee’s decision regarding lack of subject matter jurisdiction on the salary dispute. Costs of this appeal in the amount of $50.00 are assessed against the Commission. All other costs are to await final disposition of this matter.
AMENDED IN PART, AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.