SANDRA BRUMFIELD
v.
LOUISIANA TEACHERS' RETIREMENT SYSTEM.
No. 2007 CA 1562.
Court of Appeals of Louisiana, First Circuit.
March 26, 2008.
NOT DESIGNATED FOR PUBLICATION.
J. ARTHUR SMITH, III, Counsel for Plaintiff-Appellant, Sandra Brumfield.
FLOYD J. FALCON, Jr., DANIEL L. AVANT, Counsel for Defendant-Appellee, Louisiana Teachers' Retirement System.
Before: PARRO, KUHN and DOWNING, JJ.
KUHN, J.
Plaintiff-appellant, Sandra Brumfield, a Clerk IV with permanent status working for the appointing authority, Louisiana Teachers' Retirement System (TRS), appeals the decision of the Louisiana Civil Service Commission (CSC), denying the appeal of her termination. We affirm.
Brumfield was terminated in March 2004 for erratic, hostile, and disruptive behavior after a number of incidents involving her supervisor, Pamela Watts, and other TRS employees including those up the chain of command. Due to TRS's failure to give Brumfield prospective notice of her termination, in May 2006, the CSC Referee concluded that the disciplinary action was defective. TRS rescinded its original letter of termination and placed Brumfield on suspension with pay pending an investigation. In June 2006, TRS delivered a letter of termination to Brumfield based on the March 2004 conduct. Brumfield appealed. After a hearing before the CSC Referee, the appeal was denied. Brumfield then appealed to this court,[1] asserting that her due process rights to a prompt post-termination hearing and disposition had been violated and that factual findings of the Referee were manifestly erroneous. Therefore, she asserts, the CSC's decision to deny the appeal of her termination was erroneous.[2]
The final decision of the CSC is subject to review by the court of appeal on any question of law or fact. La. Const. art. X, § 12(A). A reviewing court should not disturb the factual findings made by the CSC in the absence of manifest error. Walters v. Dep't of Police of City of New Orleans, 454 So.2d 106, 113 (La. 1984); Greenleaf v. DHH, Metro. Developmental Ctr., 594 So.2d 418, 427 (La. App. 1st Cir. 1991), writ denied, 596 So.2d 196 (La. 1992).
A classified civil service employee serving with permanent status cannot be disciplined without cause. La. Const. art. X, § 8. Cause exists whenever the employee's conduct is detrimental to the efficient and orderly operation of the public service that employed him. Greenleaf, 594 So.2d at 427. An appellate court should not reverse the CSC's determination of the existence of cause for a disciplinary action unless the decision is arbitrary, capricious, or an abuse of discretion. Walters, 454 So.2d at 113. Generally, an abuse of discretion results from a conclusion reached capriciously or in an arbitrary manner. Burst v. Bd. of Commissioners, 93-2069, p. 5 (La. App. 1st Cir. 10/7/94), 646 So.2d 955, 958. The word "arbitrary" implies a disregard of evidence or of the proper weight thereof. A conclusion is "capricious" when there is no substantial evidence to support it or the conclusion is contrary to substantiated competent evidence. Coliseum Square Ass'n v. City of New Orleans, 544 So.2d 351, 360 (La. 1989).
For the reasons articulated by the CSC Referee, we find no merit in Brumfield's claim that her due process rights to a prompt post-termination hearing and disposition were violated. And because the record contains testimony supporting the CSC Referee's factual findings, they are not manifestly erroneous. Accordingly, the CSC's decision, upholding TRS's termination of Brumfield for cause, is not arbitrary, capricious, or an abuse of discretion. We affirm the decision of the CSC by this memorandum opinion issued in compliance with La. U.R.C.A. Rule 2-16.1B. Appeal costs are assessed against plaintiff-appellant, Sandra Brumfield.
AFFIRMED.
NOTES
[1] See La. Const. art. X, § 12(A).
[2] Brumfield assigns as error the Referee's denial of her motion for summary disposition on the issue of whether the delay in hearing her appeal violated her due process rights. The denial of a motion for summary disposition is interlocutory and, therefore, not appealable as a final judgment. Spencer v. Dep't of Health and Human Resources, 392 So.2d 149, 150 (La. App. 1st Cir. 1980). But because the merits of the motion are subsumed in the CSC's decision, our review necessarily encompasses the contentions Brumfield raises in conjunction with this assignment of error. See Bd. of Trustees of State Employees Group Benefits Program v. St. Landry Parish Bd., 02-0393, p. 8 (La. App. 1st Cir. 2/14/03), 844 So.2d 90, 95, writ denied, 03-0770 (La. 5/9/03), 843 So.2d 404.