635 So.2d 632 (1994)
Ralph E. MYERS, Plaintiff-Appellant,
v.
Sam IVEY, et al., Defendant-Appellee.
No. 93-1166.
Court of Appeal of Louisiana, Third Circuit.
April 6, 1994.
*633 Eddie Douglas Austin Jr., John Green, Lake Charles, for Ralph E. Myers.
Lydia Ann Guillory-Lee, Kinder, Christopher E. John, Lake Charles, M. Rebecca Pierrotti, Kinder, for Sam Ivey etc. et al.
Before YELVERTON, SAUNDERS and DECUIR, JJ.
DECUIR, Judge.
This is a tort action filed by Ralph E. Myers against Sam Ivey, Joel Smith and the Lake Charles City Police through the City of Lake Charles for intentional infliction of emotional distress. Plaintiff appeals the judgment of the trial court granting defendants' exceptions of no cause and no right of action, and dismissing plaintiff's suit.

FACTS
On October 2, 1989, Ralph Myers, a sixteen year veteran of the Lake Charles City Police Department, received notice of disciplinary action taken. He was advised that he was demoted and suspended for eighty-nine (89) days without pay. Myers appealed and the Civil Service Board found that the appointing authority was not in good faith as to penalties imposed. The penalties were thereafter modified.
Since his return to work, Myers alleges that the defendants have conspired to strip him of all responsibility and authority commensurate with his rank. He alleges specific acts ranging from "blackballing from outside jobs" to rejection of requests to take the Captain's promotional examination.
Myers instituted this suit against the defendants for intentionally inflicting emotional distress. The defendants filed exceptions of no cause of action, no right of action and an exception to subject matter jurisdiction. The court granted the exceptions of no cause of action and no right of action and denied the exception to jurisdiction. Myers appealed alleging the trial court erred in granting the peremptory exceptions of no cause of action and no right of action.

LAW AND DISCUSSION
The issue before this court is whether a civil service employee can sue his employer and supervisor in a district court of this state for an alleged intentional infliction of emotional distress arising out of his treatment during his employment. We conclude he cannot.
Article X, § 12(B) of the Louisiana Constitution of 1974 provides:
(B) Cities. Each city commission established by Part I of this Article shall have the exclusive power and authority to hear and decide all removal and disciplinary cases, with subpoena power and power to administer oaths. It may appoint a referee to take testimony, with subpoena power and power to administer oaths to witnesses. The decision of a commission shall be subject to review on any question of law or fact upon appeal to the court of appeal wherein the commission is located, upon application filed with the commission within thirty calendar days after its decision becomes final.
Amended by Acts 1982, No. 883 § 1, approved Sept. 11, 1982, eff. Oct. 15, 1982.

See also Eubanks v. City of Opelousas, 590 So.2d 740 (La.App. 3d Cir.1991).
Myers attempts to circumvent the exclusive jurisdiction of the City Civil Service Commission by filing this tort action against his supervisors and the department alleging a conspiracy to intentionally inflict emotional distress. Myers has cited no cases, nor have we found any, which allow such an independent action in district court. The entire thrust of the exclusive jurisdiction grant is to preclude district courts from having concurrent jurisdiction with the Civil Service Commissions over classified civil service employer-employee disputes that are employment related. Foreman v. Falgout, 503 So.2d 517 (La.App. 1st Cir.1986).
*634 The defendants did not reassert their exception to subject matter jurisdiction on appeal. However, the exception to jurisdiction of a court over the subject matter of litigation cannot be waived and may be raised at any time, even by a court on its own motion. Jones v. Shadwick, 601 So.2d 371 (La.App. 5th Cir.1992); DeHaven v. DeHaven, 401 So.2d 418 (La.App. 1st Cir.1981), writ granted, 406 So.2d 624, reversed on other grounds, 412 So.2d 537 (La.1982). Accordingly, we find that the district court lacked subject matter jurisdiction. The trial court committed error in denying this exception.
Because we have found that the trial court lacked jurisdiction, plaintiff's assignments need not be discussed.
The judgment of the trial court dismissed the plaintiff's suit on the exceptions of no cause and no right of action and denied the declinatory exception to subject matter jurisdiction filed by defendants. We amend this judgment to dismiss plaintiff's suit for want of subject matter jurisdiction, and as thus amended, we affirm at plaintiff-appellant's costs.
Amended and Affirmed.