741 So.2d 720 (1999)
Howard Mitchell McCAIN, Jr., Plaintiff-Appellant,
v.
The CITY OF LAFAYETTE, et al., Defendants-Appellees.
No. 98-1902.
Court of Appeal of Louisiana, Third Circuit.
May 5, 1999.
Writ Denied September 17, 1999.
*721 Randall Scott Iles, for Howard Mitchell McCain, Jr.
Michael Dean Hebert, Lafayette, for City of Lafayette.
Before PETERS, AMY and GREMILLION, Judges.
AMY, Judge.
The plaintiff filed suit in district court asserting that the City of Lafayette and his superiors wrongfully discharged him from his employment with the city due to his age. Upon motion for summary judgment by the defendants, the lower court concluded that the age discrimination statute under which the suit was filed did not permit such an action against the individual defendants and, therefore, dismissed them from the suit. Furthermore, the lower court concluded that no subject matter jurisdiction existed for the civil suit as the discrimination action stemmed from the plaintiff's removal from office and, therefore, the matter had to first be raised before the civil service board. The plaintiff appeals both aspects of this two-fold judgment. For the reasons which follow, we affirm.

Factual and Procedural Background
The plaintiff in this matter, Howard Mitchell McCain, Jr., was employed by the City of Lafayette as the Capital Improvements Manager in 1993-1994. The record indicates that, following several evaluations indicating that areas of his job performance needed improvement, McCain's employment was terminated effective January 3, 1995. McCain, who was fifty-nine at the time, alleges that he was only several months from retirement when he was discharged.
Following the termination, McCain appealed the discharge to the Lafayette Municipal Government Employees Civil Service Board. Following hearings that lasted several days and included the calling of witnesses, the civil service board concluded that the discharge was made in good faith and that cause existed for the termination. There is no indication in the civil service board's findings of fact that an allegation of age discrimination was placed at issue by the plaintiff.
On August 25, 1995, the plaintiff filed a petition instituting the case sub judice alleging that the City of Lafayette discriminated against him due to his age. He sought recovery pursuant to La.R.S. 23:971, et seq. The City of Lafayette was named as a defendant as were Kenneth *722 Bowen, Mayor of the City of Lafayette, Aros Mouton, Chief Administrative Officer, and John Raines, the Director of Public Works. Raines was the plaintiff's direct supervisor. The petition indicates that the plaintiff sought compensation for loss of sick leave/pay, vacation time, retirement income deferment, retirement program contributions, and business reputation. Additionally, McCain sought general damages.
In July 1998, the defendants filed a motion for summary judgment. In a supporting memorandum, the defendants first asserted that a suit pursuant to La.R.S. 23:971, et seq., could not be brought against the individual supervisors. Next, the defendants alleged that the district court did not have subject matter jurisdiction to hear any age discrimination suit against the City as McCain failed to initially raise the issue before the civil service board. Finally, the City argued that, even if the district court was found to have subject matter jurisdiction, the plaintiff would be unable to prove that he was discharged due to age discrimination. In support of this motion for summary judgment, the defendants filed depositions and affidavits from the individuals involved as well as related documents, including the evaluations and correspondence between the parties relating to the evaluations/termination process. In opposition, the plaintiff filed deposition excerpts and memoranda related to the parties' working relationship.
The lower court found in favor of the defendants. In a minute entry detailing the reasons for ruling, the lower court concluded that La. Const. art. X, § 12 granted original jurisdiction in the civil service board since the cause of action stemmed from the plaintiff's removal and that, since the plaintiff failed to pursue the issue before the civil service board, he was precluded from bringing it before the court.
The plaintiff appeals assigning the following as error:
1. The District Court erred in dismissing the individual defendants as this Court of Appeal has not adopted the holdings of the United States Fifth Circuit Court of Appeal in disallowing individual defendants in an Age Discrimination in Employment Act claim.
2. The District Court erred in granting the City of Lafayette's Motion for Summary Judgment finding that civil service remedies are exclusive remedies which displace rights under the Age Discrimination in Employment Act and under the Louisiana Age Discrimination in Employment Act.

Discussion
This matter is on appeal following summary judgment. La.Code Civ.P. art. 966(A)(1) provides that a party may move for summary judgment any time after the filing of the answer. Article 966(B) requires that summary judgment be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." Furthermore, La.Code Civ.P. art. 966(C)(2) provides as follows:
The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary *723 burden of proof at trial, there is no genuine issue of material fact.
An appellate court's review of a summary judgment is de novo and employs the same criteria considered by the lower court. Kumpe v. State, 97-386 (La.App. 3 Cir. 10/8/97); 701 So.2d 498, writ denied, 98-0050 (La.3/13/98); 712 So.2d 882. Mindful of this standard, we turn to the issues presented for review.

Individual Liability
Although no reasons are explained in the reasons for ruling, the judgment signed by the lower court dismissed the individual defendants, Bowen, Mouton, and Raines, from the suit. The defendants' memorandum supporting the motion for summary judgment contains the argument that analogous federal law precludes an age discrimination claim against individual defendants. In his first assignment of error, the plaintiff maintains that the court's reliance on federal law is misplaced. McCain contends that "our State version of the Louisiana Age Discrimination in Employment Act is not meant to mirror that of the Federal Rule." Furthermore, he contends that the jurisprudence of this circuit, namely, Taylor v. Oakbourne Country Club, 95-388 (La.App. 3 Cir. 10/4/95); 663 So.2d 379, indicates that an action under the Louisiana statute may be maintained against individual defendants.
McCain filed suit under La.R.S. 23:971, et seq. At the time of the actions at issue, these statutes created a cause of action for age discrimination by an employer.[1] The following definition is provided for "employer":
§ 971. Definitions
For the purposes of this Part, the following terms shall have the definitions as ascribed below unless the context indicates otherwise:
(1) "Employer" means a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calender year. The term also means any agent of such person....
At issue in this assignment is whether the phrase "agent for such person ..." includes individual supervisors. The defendants maintain that the definition cannot include these individuals as federal courts have interpreted a similar federal provision as not including these supervisors.
Upon comparison, the federal statute referenced by the defendants prohibits an employer from discriminating against an individual due to age and provides a substantively similar definition of "employer." 29 USC § 630(b) contains the following definition:
The term "employer" means a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year: Provided, That prior to June 30, 1968, employers having fewer than fifty employees shall not be considered employers. The term also means (1) any agent of such a person, and (2) a State or political subdivision of a State and any agency or instrumentality of a State or a political subdivision of a State, and any interstate agency, but such term does not include the United States, or a corporation wholly owned by the Government of the United States.
(Emphasis added.) In Stults v. Conoco, 76 F.3d 651 (5th Cir.1996), a panel of the United Stated Court of Appeals, Fifth Circuit concluded that the definition does not permit a cause of action against individual supervisors who do not otherwise qualify as an employer. Rather, the Fifth Circuit *724 cited a Fourth Circuit case wherein it was reasoned that imposition of liability would place a heavy burden on personnel decisions and the following interpretation was offered: "`Instead, we read § 630(b) as an unremarkable expression of respondeat superior that discriminatory personnel actions taken by an employer's agent may create liability for the employer.'" Id. at 655, quoting Birkbeck v. Marvel Lighting Corp., 30 F.3d 507, 510-11 (4th Cir.), cert. denied, 513 U.S. 1058, 115 S.Ct. 666, 130 L.Ed.2d 600 (1994).
While the plaintiff argues that the lower court should not have relied upon federal jurisprudence interpreting a federal statute, related federal law is commonly used as guidance by courts of this state in interpreting discrimination statutes. See King v. Dunbar, 97-2519 (La.App. 4 Cir. 6/3/98); 716 So.2d 104, writ granted, 729 So.2d 579 (La.11/25/98); Craven v. Universal Life Ins. Co., 95-1168 (La.App. 3 Cir. 3/6/96); 670 So.2d 1358, writ denied, 96-1332 (La.9/27/96); 679 So.2d 1355. Thus, considering applicable federal law, we find no legal error in the lower court's conclusion that La.R.S. 23:971, et seq., does not include a cause of action against individual supervisors.
As for the plaintiffs assertion that this court has previously approved a cause of action against individual supervisors in Taylor, 95-388; 663 So.2d 379, we find this argument to be without merit as well. In Taylor, a plaintiff brought an age discrimination claim against both his supervisor and the country club at which he worked. At the district court level, summary judgment was entered in favor of the defendants. A panel of this court concluded that genuine issues of material fact remained as to whether the plaintiff was discharged due to his age and reversed the summary judgment. Although the decretal paragraph in that opinion indicates the summary judgment was reversed in favor of both the country club and the supervisor, and costs were assigned to each, the issue of whether the individual supervisor was an appropriate defendant does not appear to have been raised. In any event, the issue was not addressed in Taylor. Furthermore, this case relied upon by the plaintiff also stands for the proposition that federal law may be used as guidance by Louisiana courts in interpreting related discrimination statutes. As explained above, pertinent federal case law indicates that the age-discrimination statutes do not provide a cause of action against individual supervisors.

Subject Matter Jurisdiction
In his next assignment of error, McCain argues the lower court erred in determining that it lacked subject matter jurisdiction to hear the age discrimination matter due to the his failure to bring the issue before the civil service board. McCain asserts that his suit brought under the age discrimination statute permits damages that could not have been awarded by the civil service board and, therefore, the board is not afforded original jurisdiction over the matter.
La. Const. art. X, § 12 provides for the jurisdiction of the civil service board as follows:
(B) Cities. Each city commission established by Part I of this Article shall have the exclusive power and authority to hear and decide all removal and disciplinary case, with subpoena power and power to administer oaths. It may appoint a referee to take testimony, with subpoena power and power to administer oaths to witnesses. The decision of a commission shall be subject to review on any question of law or fact upon appeal to the court of appeal wherein the commission is located, upon application filed with the commission within thirty calendar days after its decision becomes final.
The minute entry containing the lower court's reasons for ruling reflect the following:
The Court finds that it lacks the jurisdiction to hear the instant suit. Under *725 Article X, Sec. 12(B) of the Louisiana Constitution of 1974, a city civil service board has exclusive original subject matter jurisdiction over all removal and disciplinary cases. Myers v. Ivey, 635 So.2d 632 (La.App. 3 Cir.1994); Eubanks v. City of Opelousas, 590 So.2d 740 (La.App. 3 Cir.1991). Plaintiff's case involves his alleged wrongful removal from a position with the CITY OF LAFAYETTE; therefore, the Lafayette Municipal Government Employees Civil Service Board has exclusive original subject matter jurisdiction over his case. Since plaintiff failed to raise the issue of age discrimination in front of the Civil Service Board he cannot be allowed to now raise it for the first time in front of this Court.
Plaintiff argues that this is not an appeal from the Civil Service Board decision but an independent action seeking money damages which cannot be awarded by the Civil Service Board. However, in order for a state employee to maintain a suit for money damages in district court based upon his wrongful termination, he must first be successful in appealing his dismissal to the Civil Service Board. Reimer v. Medical Center of Louisiana at New Orleans, 688 So.2d 165 (La.App. 4 Cir.1997); Hillard v. Housing Authority of New Orleans, 436 So.2d 685 (La.App. 4 Cir. 1983). Plaintiff was not successful in his appeal; therefore, [he] cannot bring a suit for damages based upon his termination before this Court.
The defendants maintain that the lower court's position was correct. They assert that it is the plaintiff's "removal" that is at issue and, therefore, the exclusive jurisdiction provision of Article X, Section 12 is at work in this case. According to the defendants' argument, the classification of this claim as a "tort" for which general damages are recoverable is irrelevant to the jurisdiction issue. Rather, the defendants appear to argue that since the civil service board had the power to consider the issue of age discrimination, the fact that the civil service board could not award the type of damages did not preclude the necessity of raising the issue before the board.
As urged by the defendants, McCain's "removal" from his position with the City of Lafayette is at the root of his age discrimination claim. At first glance, this core issue would appear to place original jurisdiction with the civil service board pursuant to Article X, § 12. In Reimer v. Medical Center of Louisiana, 95-2799 (La. App. 4 Cir. 1/29/97); 688 So.2d 165, a discharged employee of the defendant medical center filed suit in district court for retaliatory discharge and discrimination based upon a handicap or disability. The fourth circuit rejected the plaintiff's contention that the subject matter jurisdiction existed in the district court since his action had a specific statutory basis, La. R.S. 46:2254 and La.R.S. 51:2242. The court stated as follows:
Mr. Reimer claims that he is a civil servant whose removal was wrongful and not for the reason stated. That his petition makes reference to other statutes does not change the nature of his claim. The authority to review the basis for a termination of a civil servant's employment and decide whether it was in accordance with law is expressly and unambiguously assigned to the CSC, subject to the right of judicial review, in Section 12(A) of Article X.
Id. at p. 4; at 168 (citation omitted). The court also rejected the plaintiffs alternative argument that concurrent jurisdiction existed between the forums.
Further, in Reimer, the fourth circuit also rejected the plaintiffs argument that the district court was the proper forum since he sought a money judgment and not a reinstatement. The court stated as follows in this regard:
Mr. Reimer's removal is at the heart of his suit. In order for him to be entitled to damages it must be determined that he was unlawfully discharged from his position.

*726 Mr. Reimer is correct that the CSC cannot award general tort damages, such as for injury to reputation or an invasion of privacy. See, e.g., Greenleaf v. DHH, Metropolitan Developmental Center, 594 So.2d 418 (La.App. 1st Cir. 1991), writ denied, 596 So.2d 196-97 (La. 1992), and cases cited therein. The CSC could, however, in addition to an award of costs and attorney fees, award back pay and order that all benefits and emoluments of office be restored to Mr. Reimer. Blappert v. Department of Police, 94-1284, pp. 6-7 (La.App. 4th Cir.12/15/94), 647 So.2d 1339, 1343. If such an award would be inadequate to fully compensate Mr. Reimer for the harm suffered, he then could assert his claim in Civil District Court. Hillard, 436 So.2d at 687.
Id. at p. 6-7; at 169.
Similarly, a panel of this court in Myers v. Ivey, 93-1166 (La.App. 3 Cir. 4/6/94); 635 So.2d 632, found that an employment suit in tort, for intentional infliction of emotional distress, could not first be filed in district court. The court stated as follows:
Myers attempts to circumvent the exclusive jurisdiction of the City Civil Service Commission by filing this tort action against his supervisors and the department alleging a conspiracy to intentionally inflict emotional distress. Myers has cited no cases, nor have we found any, which allow such an independent action in district court. The entire thrust of the exclusive jurisdiction grant is to preclude district courts from having concurrent jurisdiction with the Civil Service Commissions over classified civil service employer-employee disputes that are employment related. Foreman v. Falgout, 503 So.2d 517 (La.App. 1st Cir. 1986).
Id. at 633.
However, in Landrum v. Board of Commissioners. of the Orleans Levee District, 95-1591 (La.App. 4 Cir. 11/27/96); 685 So.2d 382, the fourth circuit concluded that an employment-based tort suit against a government body could be brought in district court. The plaintiff in Landrum was a police officer whose employment was terminated due to the results of a drug test. Although he appealed the termination to the Civil Service Commission, the parties reached an agreement wherein the employer reinstated the plaintiff, provided back pay and benefits, and removed the record of the disciplinary action from his personnel file. In exchange, the plaintiff resigned from his position. Subsequently, the plaintiff filed a civil suit alleging intentional/negligent infliction of emotional distress, defamation, and invasion of privacy. The district court overruled the employer's exception of subject matter jurisdiction. On appeal, the fourth circuit affirmed the finding of subject matter jurisdiction concluding that, due to his voluntary resignation, the plaintiff had no claim against his employer arising from his previous suspension or removal. The fourth circuit stated:
The constitutional provision that grants judicial authority to the Commission is narrowly construed since it is an exception to the general rule that district courts have jurisdiction over all civil matters. Greenleaf v. DHH, Metropolitan Developmental Center, 594 So.2d 418, 425 (La.App. 1st Cir.1991) [citing In re Investigation of Smith, 546 So.2d 561, 563 (La.App. 1st Cir.), writ denied, 550 So.2d 636 (La.1989)], writ denied, 596 So.2d 196 (La.1992). The Civil Service Commission does not have jurisdiction of tort cases nor can it award monetary damages for tortious conduct. Greenleaf, 594 So.2d at 425; see also Moore v. Board of Supervisors of L.S.U., 559 So.2d 548 (La.App. 2nd Cir.1990). Under the circumstances of this case, Mr. Landrum's tort claims are not an attempt to circumvent the exclusive jurisdiction of the Civil Service Commission; he may look to the courts for damages for defamation and other torts arising out of the facts alleged here. Moore, supra; Manale v. City of *727 New Orleans, 673 F.2d 122 (5th Cir. 1982); see also Greenleaf, supra. For this reason, the trial court correctly overruled the exception to its subject matter jurisdiction.
Id. at p. 4-5; at 387.
The subject matter jurisdiction issue was recently raised before the first circuit in Crockett v. State, Through Department of Public Safety and Corrections, 97-2528 (La.App. 1 Cir. 11/6/98); 721 So.2d 1081. The plaintiff in the first circuit matter was employed as a correctional officer at the Louisiana State Penitentiary. He filed suit in district court seeking damages for mental anguish related to a body cavity search he underwent. The trial court granted the employer's exceptions of subject matter jurisdiction and prematurity. The first circuit reversed the judgment finding that the plaintiff did not establish that his suit was one for either removal or disciplinary action. The first circuit then focused upon the employer's claim that even if the plaintiff's claim "is outside the exclusive jurisdiction of the Commission, he must pursue and not abandon his civil service administrative remedy before bringing a tort action in district court." Id. at 6; at 1084. The court observed as follows:
Because the allegations of Crockett's petition set forth a tort claim and the Commission cannot grant the requested relief, Crockett cannot be required to have this matter addressed by the Commission before bringing his tort action in district court. When an exception of prematurity is brought on the ground that the plaintiff has failed to exhaust his administrative remedies, the exceptor has the burden of showing that an administrative remedy exists. Upon that showing, the burden shifts to the plaintiff to show that he has exhausted those remedies. Kenner Firefighters Ass'n Local No. 1427 v. City of Kenner, 96-361, pp. 5-6 (La.App. 5th Cir.11/14/96); 685 So.2d 265, 268. Based on the record which indicates no evidence was introduced, we find the State has not established the existence of a meaningful administrative remedy. See R.A.K. v. Board of Trustees of the State Employees Group Benefits Program, Department of Treasury, 558 So.2d 633, 635 (La.App. 1st Cir.1990). Thus, we reverse the judgment of the trial court granting the exception raising the objection of prematurity.
Id. at p. 6; at 1084. While no exception of prematurity is at issue in the instant case, we consider the court's observation that, since the civil service commission could not grant relief for the tort damages sought, the plaintiff could not be expected to first raise his claim before the commission.
Although the above-referenced cases are useful guidance, we do not find that any of the jurisprudence squarely addresses the difficulties presented by the instant matter. Certainly McCain's removal from his position with the City, even if due to age discrimination, is at the heart of his civil suit. This would seem to indicate that La. Const. art. X, § 12 provides for the civil service board to have jurisdiction over such a matter. Since a civil service board can hear claims related to removal, they should be able to decide claims for removal due to discrimination. However, while the board may be able to hear such a claim, the board is powerless to award the type of tort damages sought by the plaintiff. This factor has been presented in several of the cases discussed above.
In Reimer, 95-2799; 688 So.2d 165, the fourth circuit concluded that, if any award granted to the plaintiff by the civil service board was inadequate to compensate him for any injury, he could then assert his claim in district court. This reasoning is problematic as any cause of action that could subsequently be brought in district court could possibly prescribe while the defendant waited for the civil service board's resolution of the underlying removal issue. We find no jurisprudential or legislative authority indicating such a plaintiff's cause of action does not exist *728 until the civil service board renders its decision or that prescription is suspended until such time. This can be seen to be especially problematic in instances where a civil service board finds no wrongful discharge. Under such a circumstance, it would appear that the plaintiff would have to first avail himself of his right to appeal the board's determination to the court of appeal. See La. Const. art. X, § 12. This process could obviously continue past the applicable prescriptive period for causes of action in tort. Due to this civil service process, an employee could lose all damages that could not be awarded by a civil service board, e.g. general damages, simply because the cause of action had prescribed. We find nothing to suggest that a city employee has any less right to assert entitlement to damages for tortious conduct than one employed by a private employer.
Due to the above-noted complexity, we do not conclude that the civil service board has exclusive jurisdiction to hear those type of cases wherein the remedy sought could not be awarded by the board. In the petition instituting the present matter, the plaintiff sought damages due to loss of sick and vacation leave, health insurance, and retirement benefits. These appear to be the type of remedies that could be awarded to the plaintiff for wrongful termination, even if for discrimination, by the civil service board. Thus, the civil service board would have been the appropriate place to seek recovery for these damages. We find no error in the summary judgment in this regard. However, the civil service board is powerless to award other damages sought by the plaintiff, e.g. general damages and loss of business reputation. In this regard, we conclude that the lower court had subject matter jurisdiction over these issues.
Since the lower court concluded that no subject matter jurisdiction existed, the judge never reached the defendants' alternative contention that, even if jurisdiction existed, the motion for summary judgment should be granted as no genuine issues of material fact exist. As summary judgments are reviewed de novo, we turn to this remaining assertion.

Summary JudgmentGenuine Issues of Material Fact
In their memorandum in support of summary judgment and again in their brief to this court, the defendants argue that the plaintiff will be unable to carry the requisite burden of proof to recover for age discrimination. Principally, they maintain that no genuine issues of material fact remain with regard to whether McCain was discharged due to his age.
As previously explained, La.Code Civ.P. art. 966(C)(2) provides that a movant who will not be required to bear the burden of proving the issue before the court at trial, is not required, in a motion for summary judgment, "to negate all essential elements of the adverse party's claim, action or defense...." Rather, the movant must only "point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action or defense." Id. After the movant has satisfied this burden, the adverse party must produce adequate factual support establishing that genuine issues of material fact exist for trial. La.Code Civ.P. art. 966(C)(2); La.Code Civ.P. art. 967.
In Taylor, 95-388; 663 So.2d 379, this court set forth the elements of an age discrimination suit by referencing those of the comparable federal statute. At the time of Taylor, a plaintiff was required to demonstrate that:
(1) he was in the protected age group between the ages of forty and seventy,
(2) his employment with the defendant was involuntarily terminated,
(3) he was qualified to perform the job that he was employed to perform, and
(4) he was replaced by a person outside the protected age group comprising individuals between the ages of forty and seventy.
*729 Id. at p. 8; at 384, quoting Lege v. N.F. McCall Crews, Inc., 625 So.2d 185, 187 (La.App. 3 Cir.)(citing Belanger v. Keydril Co., 596 F.Supp. 823 (E.D.La.1984)), writ denied, 627 So.2d 638 (La.1993). Reference to recent federal jurisprudence indicates that the final element listed above has changed since Taylor was rendered. In O'Connor v. Consolidated Coin Caterers Corp., 517 U.S. 308, 116 S.Ct. 1307, 134 L.Ed.2d 433 (1996), the United States Supreme Court found the plaintiff in an age discrimination case no longer has to establish that he was replaced by a person outside the protected class. The Court concluded that the plaintiffs prima facie case requires evidence creating an inference "that an employment decision was based on a[n] [illegal] discriminatory criterion...." Id. at 313; at 1310 (emphasis omitted)(alterations original)(quoting Teamsters v. United States, 431 U.S. 324, 358, 97 S.Ct. 1843, 1866, 52 L.Ed.2d 396 (1977)).
Furthermore, in O'Connor, the Supreme Court adopted the burden of proof allocation applicable to Title VII discrimination cases for age discrimination claims. This allocation, previously set forth in the Title VII context in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), was explained by the Court as follows:
Once the plaintiff has met this initial burden [of demonstrating a prima facie case], the burden of production shifts to the employer "to articulate some legitimate, nondiscriminatory reason for the employee's rejection." Ibid. If the trier of fact finds that the elements of the prima facie case are supported by a preponderance of the evidence and the employer remains silent, the court must enter judgment for the plaintiff. St. Mary's Honor Center [v. Hicks], supra, [509 U.S. 502] at 509-510, and n. 3, 113 S.Ct., [2742] at XXXX-XXXX[2749], and n. 3[125 L.Ed.2d 407 (1993)]; Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 254, 101 S.Ct. 1089, 1094, 67 L.Ed.2d 207 (1981).
O'Connor, 517 U.S. at 311, 116 S.Ct. at 1309, 134 L.Ed.2d 433.
In support of their motion for summary judgment, the defendants presented McCain's progress reports demonstrating "improvement needed" ratings and correspondence perpetuated during the evaluation process. The defendants also attached the civil service board's findings of fact wherein the board concluded that McCain's performance had not sufficiently improved in the areas found to be deficient in the evaluations and that his termination was for cause. Furthermore, the defendants presented the depositions of John Raines and Aros Mouton. Raines' deposition reveals a singular incident wherein he felt that McCain had made misrepresentations in order to obtain a secretary. In the excerpt of his deposition, Mouton's testimony reveals that he felt McCain's inability to get along with his superior, Raines, outweighed any of McCain's technical ability. We conclude the defendants' showing demonstrates the existence of legitimate reasons for McCain's dismissal.
Faced with similar evidence on a motion for summary judgment in Stults, 76 F.3d 651, the Fifth Circuit considered the defendants' demonstration in light of the presumption of discrimination discussed above. The court stated:
In a discrimination case, the plaintiffs prima facie case creates a rebuttable presumption of discrimination that shifts the burden of production to the defendant to articulate a legitimate, nondiscriminatory reason for the questioned employment action. Bienkowski v. American Airlines, Inc., 851 F.2d 1503, 1505 (5th Cir.1988). With its motion for summary judgment, Conoco submitted evaluations and termination reports regarding both Stults and Wallace that supported its claim that the plaintiffs were terminated for performance deficiencies. In addition, Conoco submitted portions of relevant depositions that demonstrated the lack of evidence that *730 its nondiscriminatory reasons were mere pretext or that its nondiscriminatory reasons were mere pretext or that its employment actions were actually motivated by age discrimination. Given this showing, we must agree with the district court that Conoco adequately demonstrated the absence of a material fact issue on the plaintiffs' age discrimination claims.
When the employer articulates a legitimate nondiscriminatory reason, and produces competent summary judgment evidence in support, as Conoco did in this case, the presumption created by the prima facie case disappears and "the burden reverts to the plaintiff to prove that the employer's reason[][is] pretextual." Moore, 990 F.2d at 815 (quoting Normand v. Research Institute of Am., Inc., 927 F.2d 857, 859 (5th Cir.1991)). "The trier of fact may not disregard the defendant's explanation without countervailing evidence that it was not the real reason for the discharge." Guthrie v. Tifco Industries, 941 F.2d 374, 377 (5th Cir.1991), cert. denied, 503 U.S. 908, 112 S.Ct. 1267, 117 L.Ed.2d 495 (1992).
The plaintiff at all times retains the burden of persuading the trier of fact that impermissible discrimination motivated the adverse employment decision. Bienkowski, 851 F.2d at 1505....
Id. at 656-58 (emphasis added).
As the defendants satisfied the burden required to sustain the motion for summary judgment, the burden then shifts to McCain to demonstrate that any legitimate reason for dismissal was pretextual. Stults, 76 F.3d 651. In opposition to the motion for summary judgment, McCain submitted the deposition testimony of his superiors wherein they discussed reasons for his termination and reasons why demotion was not an option. Further, McCain submitted correspondence demonstrating difficulties in his working relationship with Raines. Neither the depositions nor the correspondence indicate that McCain was terminated due to his age. McCain did, however, present an excerpt from the deposition of his replacement, Tom Carroll, for the proposition that he was replaced by a younger person and the deposition testimony of Horace Rickey, an unsuccessful applicant for McCain's former position who was older than McCain. We do not conclude that this evidence is sufficient to create a genuine issue of material fact with regard to the motivation behind McCain's removal. In fact, due to the documented difficulty in the relationship between Raines and McCain, much of McCain's submission supports the defendants' assertion that legitimate reasons existed for the City's action.
Although we have concluded that the lower court erred in some respects in finding no subject matter jurisdiction, we conclude that the motion for summary judgment was properly granted as the plaintiff failed to satisfy the requisite burden of establishing the existence of a genuine issue of material fact.

DECREE
For the foregoing reasons, the judgment of the lower court is affirmed. All costs of this appeal are assessed to the plaintiff, Howard McCain.
AFFIRMED.
PETERS, J., CONCURS IN PART AND DISSENTS IN PART AND ASSIGNS WRITTEN REASONS.
PETERS, J., concurring in part; dissenting in part.
I agree with the majority's opinion on every issue except that of the summary judgment. In my opinion, there are genuine issues of material fact which must be resolved by further trial proceedings. Thus, I would remand the matter to the trial court for further proceedings consistent *731 with the other determinations of the majority opinion.
NOTES
[1] La.R.S. 23:971, et seq., was repealed in 1997. Similar provisions are now found in La.R.S. 23:311, et seq., which are located in a chapter entitled "Prohibited Discrimination in Employment."