# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **3rd day of May, 2017**, are as follows:

**BY GENOVESE,J.**:

2016-CC-1857     TODD HUVAL AND CHAD BOYER v. STATE OF LOUISIANA THROUGH THE DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, OFFICE OF STATE POLICE, MASTER TROOPER HAL HUTCHINSON, INDIVIDUALLY, AND IN HIS OFFICIAL CAPACITY AS AN EMPLOYEE OF THE OFFICE OF STATE POLICE, LIEUTENANT RHETT TRAHAN, INDIVIDUALLY, AND IN HIS OFFICIAL CAPACITY AS AN EMPLOYEE OF THE OFFICE OF STATE POLICE, INVESTIGATOR BUZZY TRAHAN, INDIVIDUALLY, AND IN HIS OFFICIAL CAPACITY AS AN EMPLOYEE OF THE OFFICE OF STATE POLICE, LIEUTENANT KEVIN DEVALL, INDIVIDUALLY, AND IN HIS OFFICIAL CAPACITY AS AN EMPLOYEE OF THE OFFICE OF STATE POLICE, INVESTIGATOR BART MORRIS, INDIVIDUALLY, AND IN HIS OFFICIAL CAPACITY AS AN EMPLOYEE OF THE OFFICE OF STATE POLICE, INVESTIGATOR HAMPTON GUILLORY, INDIVIDUALLY, AND IN HIS OFFICIAL CAPACITY AS AN EMPLOYEE OF THE OFFICE OF STATE POLICE, AND LT. COLONEL STANLEY GRIFFIN, INDIVIDUALLY, AND IN HIS OFFICIAL CAPACITY AS AN EMPLOYEE OF THE OFFICE OF STATE POLICE (Parish of E. Baton Rouge)

For the foregoing reasons, we affirm the decisions of the lower courts overruling defendant's exception of lack of subject matter jurisdiction.
AFFIRMED.

**05/03/2017**

**SUPREME COURT OF LOUISIANA**

**No. 2016-CC-1857**

**TODD HUVAL AND CHAD BOYER**

**VERSUS**

**STATE OF LOUISIANA THROUGH THE DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, OFFICE OF STATE POLICE, MASTER TROOPER HAL HUTCHINSON, INDIVIDUALLY, AND IN HIS OFFICIAL CAPACITY AS AN EMPLOYEE OF THE OFFICE OF STATE POLICE, LIEUTENANT RHETT TRAHAN, INDIVIDUALLY, AND IN HIS OFFICIAL CAPACITY AS AN EMPLOYEE OF THE OFFICE OF STATE POLICE, INVESTIGATOR BUZZY TRAHAN, INDIVIDUALLY, AND IN HIS OFFICIAL CAPACITY AS AN EMPLOYEE OF THE OFFICE OF STATE POLICE, LIEUTENANT KEVIN DEVALL, INDIVIDUALLY, AND IN HIS OFFICIAL CAPACITY AS AN EMPLOYEE OF THE OFFICE OF STATE POLICE, INVESTIGATOR BART MORRIS, INDIVIDUALLY, AND IN HIS OFFICIAL CAPACITY AS AN EMPLOYEE OF THE OFFICE OF STATE POLICE, INVESTIGATOR HAMPTON GUILLORY, INDIVIDUALLY, AND IN HIS OFFICIAL CAPACITY AS AN EMPLOYEE OF THE OFFICE OF STATE POLICE, AND LT. COLONEL STANLEY GRIFFIN, INDIVIDUALLY, AND IN HIS OFFICIAL CAPACITY AS AN EMPLOYEE OF THE OFFICE OF STATE POLICE**

**ON SUPERVISORY WRITS TO THE NINETEENTH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE**

**GENOVESE, JUSTICE**

We granted certiorari in this case to determine whether the district court has subject matter jurisdiction over tort claims stemming from a removal or disciplinary action over which the Louisiana State Police Commission (State Police Commission) presided. The lower courts concluded that subject matter jurisdiction is proper in district court. We agree with the decisions of the lower courts.

**FACTS AND PROCEDURAL HISTORY**

Plaintiffs, Todd Huval and Chad Boyer, are former Louisiana State Troopers employed by the State of Louisiana, Department of Public Safety and Corrections, Office of State Police (State Police). In 2007, they were terminated based on an

investigation which exposed alleged violations of employment policy and state law—both were accused of providing confidential information to a third party.[1]

Plaintiffs appealed their terminations to the State Police Commission.[2] On December 30, 2008,[3] the State Police Commission overturned the terminations and ordered that Mr. Huval be suspended for eight weeks and that Mr. Boyer be suspended for two weeks.[4] The State Police appealed.

The Court of Appeal, First Circuit, reinstated Mr. Huval's termination and affirmed Mr. Boyer's two-week suspension.[5] *Huval v. Dep't of Pub. Safety & Corrs., Office of State Police*, 09-699 (La.App. 1 Cir. 10/23/09), 29 So.3d 522; *Boyer v. Dep't of Pub. Safety & Corrs., Office of State Police*, 09-700 (La.App. 1 Cir. 10/23/09), 24 So.3d 1033 (unpub'd).

On November 3, 2008, plaintiffs filed an Original Petition for Damages in the 19th Judicial District Court. The petition asserted entitlement to damages for alleged wrongful termination, defamation, malicious prosecution, mental anguish, intentional infliction of emotional distress, as well as all general and equitable relief. Chiefly, the petition alleged that the State Police twice took its "fabricated" investigative findings to the Lafayette Parish District Attorney and requested a grand jury hearing on the matter.

---

[1] Mr. Boyer was terminated on November 28, 2007. Mr. Huval was terminated on December 10, 2007.

[2] Both filed their petitions with the State Police Commission on December 14, 2007.

[3] Defendants disclose that plaintiffs appeared at two hearings before the State Police Commission. The first hearing occurred sometime in April 2008. Before a ruling was issued, numerous members of the State Police Commission resigned, which necessitated a second hearing regarding plaintiffs. The second hearing occurred on December 16 & 17, 2008.

[4] It was further ordered that both be reimbursed for lost wages, together with interest, from the end of their respective suspensions until paid, subject to offsets for earnings or unemployment benefits received by them until December 28, 2008, the date of the State Police Commission's decision.

[5] Mr. Boyer voluntarily resigned in January 2008.

2

In 2015, defendants filed a motion for summary judgment and an exception of lack of subject matter jurisdiction. Defendants' exception asserted plaintiffs' lawsuit sought to have the district court review the correctness of the State Police's terminations and sought damages pursuant to said terminations. They argued La.Const. art. X, § 50 vests the State Police Commission with the exclusive jurisdiction to hear any and all cases involving the terminations of employees by the State Police. Thus, the district court lacks subject matter jurisdiction to hear plaintiffs' wrongful termination claims, and likewise, it lacks subject matter jurisdiction to award any damages resulting from plaintiffs' terminations including, but not limited to, past, present, future loss of earnings and earning capacity, benefits, and loss of employment.

Plaintiffs countered, asserting their claims involve more than their removals by the State Police and involve issues of due process, defamation, malicious prosecution, and intentional infliction of emotional distress. Plaintiffs insisted their claims could not have been addressed by the State Police Commission because it lacks jurisdiction.

In an oral ruling, without giving reasons, the district court overruled defendants' exception of lack of subject matter jurisdiction.[6] There was no ruling issued on defendants' motion for summary judgment.

Defendants sought a supervisory writ, wherein they relied upon *Reimer v. Medical Center of Louisiana at New Orleans*, 95-2799 (La.App. 4 Cir. 1/29/97), 688 So.2d 165, to argue that the district court lacks subject matter jurisdiction over claims which are inextricably linked to an essentially employment-related dispute, such as removal or disciplinary proceedings. The Court of Appeal, First Circuit, denied defendants' request for supervisory review of the district court's ruling without comment.

---

[6] Defendants' request for written reasons was denied.

Defendants applied for supervisory review to this court. We granted defendants' writ and remanded the case to the court of appeal for briefing, argument, and full opinion. *Huval v. State ex rel., Dep't of Pub. Safety & Corrs., Office of State Police*, 15-2099 (La. 2/5/16), 186 So.3d 1170.

Refuting defendants' supervisory writ, plaintiffs argued district courts have original jurisdiction over all civil matters pursuant to La.Const. art. V, § 16(A)(1).[7] The State Police Commission does not have authority to grant a money judgment for tortious conduct.

On remand, the appellate court, in a 2-to-1 decision, affirmed the decision of the trial court which overruled defendants' exception. *Huval v. State ex rel., Dep't of Pub. Safety & Corrs., Office of State Police*, 15-1151 (La.App. 1 Cir. 9/21/16) (unpublished). The majority concluded plaintiffs' claims for damages are claims over which the district court has original jurisdiction pursuant to La.Const. art. V, § 16(A)(1). The majority reasoned plaintiffs seek damages that sound in tort "'as a result' of the claims of defamation, malicious prosecution, [and] intentional infliction of emotional distress stemming from the criminal proceeding, not the disciplinary action of the [State Police] Commission." *Id*. at 7 (unpub'd). The

---

[7] Louisiana Constitution Article V, § 16 provides:

(A) Original Jurisdiction. (1) Except as otherwise authorized by this constitution or except as heretofore or hereafter provided by law for administrative agency determinations in worker's compensation matters, a district court shall have original jurisdiction of all civil and criminal matters. (2) It shall have exclusive original jurisdiction of felony cases and of cases involving title to immovable property, except as provided in (3) below; the right to office or other public position; civil or political right; probate and succession matters; except for administrative agency determination provided for in (1) above, the state, a political corporation, or political subdivisions, or a succession, as a defendant; and the appointment of receivers or liquidators for corporations or partnerships. (3) The legislature may provide by law that a family court has jurisdiction of cases involving title to movable and immovable property when those cases relate to the partition of community property and the settlement of claims arising from matrimonial regimes when such action arises as a result of divorce or annulment of marriage.

(B) Appellate Jurisdiction. A district court shall have appellate jurisdiction as provided by law.

majority found plaintiffs' claims did not create a situation that would uphold or reverse the State Police Commission's decision.

The dissent identified the action being challenged as the plaintiffs' removal and perceived plaintiffs' claims as inextricably interwoven with an essentially employment-related dispute. Following the principle of *Reimer*, 688 So.2d 165, which rejected the argument that the district court is the only proper forum because a money judgment was sought, Judge McClendon viewed La.Const. art. X, § 50 as plainly confining jurisdiction to the State Police Commission.

Defendants subsequently applied for a writ to this court, asserting the same arguments brought before the court of appeal regarding subject matter jurisdiction. Defendants maintain exclusive jurisdiction lies with the State Police Commission. Defendants argue plaintiffs' action, couched in tort terms, is a disciplinary case as that term is utilized in La.Const. art. X, § 50, and accordingly, the State Police Commission has exclusive jurisdiction over all such cases. Defendants contend plaintiffs' petition is an attempt to circumvent the exclusive jurisdiction of the State Police Commission. They assert that the original subject matter jurisdiction over all civil and criminal matters afforded to district courts by La.Const. art. V, § 16, is limited by La.Const. art. X, § 50, which affords the State Police Commission "the exclusive power and authority to hear and decide all removal and disciplinary cases[.]" Defendants urge that district court lacks the subject matter jurisdiction to adjudicate claims which stem from plaintiffs' terminations.

Plaintiffs did not appear to argue before this court. Before the appellate court, plaintiffs asserted that this case is not a removal and disciplinary action, rather it is a tort action. As such, the State Police Commission does not have subject matter jurisdiction to hear tort claims and cannot award monetary damages for tortious behavior.

5

## DISCUSSION

"Jurisdiction over the subject matter is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted." La.Code Civ.P. art. 2. "Except as otherwise authorized by this constitution . . . a district court shall have original jurisdiction of all civil and criminal matters." La.Const. art. V, § 16(A)(1).

Article X, § 43 of the Louisiana Constitution established the State Police Commission on January 1, 1991. The constitutional provision pertaining to the duties of the State Police Commission is Article X, § 48, which grants it "broad and general rulemaking and subpoena powers for the administration and regulation of the classified state police service, including the power to adopt rules for . . . removal[.]" The provision which grants decision-making authority to the State Police Commission is Article X, § 50 of the Constitution, which reads (emphasis added):

> ***The State Police Commission shall have the exclusive power and authority to hear and decide all removal and disciplinary cases***, with subpoena power and power to administer oaths. It may appoint a referee to take testimony, with subpoena power and power to administer oaths to witnesses. The decision of the commission shall be subject to review on any question of law or fact upon appeal to the court of appeal wherein the commission is located, upon application filed with the commission within thirty calendar days after its decision becomes final.

We granted defendants' application for writ of certiorari to address the issue of subject matter jurisdiction relative to tort claims stemming from a disciplinary action over which the State Police Commission presided. This is an undeveloped issue relative to La.Const. art. X, § 50. This is not, however, a novel question as it relates to La.Const. art. X, § 12, the constitutional provision which grants decision-

making authority to the State Civil Service Commission.[8] "The State Police Commission's power to 'hear and decide' cases is identical to that granted the State Civil Service Commission." *Dep't of Pub. Safety & Corrs., Office of State Police v. Mensman*, 95-1950, n. 1 (La. 4/8/96), 671 So.2d 319, 323. We, therefore, look to guidance which flows from jurisprudence addressing jurisdiction of the State Civil Service Commission.

In support of their position, Defendants cite *Reimer*, 688 So.2d 165, wherein the fourth circuit addressed a similar issue. In that case, a discharged civil service employee filed suit for retaliatory discharge and discrimination based upon a handicap or disability. The fourth circuit rejected the plaintiff's contention that subject matter jurisdiction existed in the district court because his action had statutory bases. The *Reimer* court recognized that the State Civil Service Commission could not award general tort damages, but found that it could award back pay, emoluments of office, costs, and attorney fees. However, the fourth circuit also conceded that if these amounts failed to fully compensate the discharged employee, "he could then assert his claim in Civil District Court." *Id.* at 169.

---

[8] Louisiana Constitution Article X, § 12(A) provides, in pertinent part (emphasis added):

> **The State Civil Service Commission shall have the exclusive power and authority to hear and decide all removal and disciplinary cases**, with subpoena power and power to administer oaths. It may appoint a referee, with subpoena power and power to administer oaths, to take testimony, hear, and decide removal and disciplinary cases. The decision of a referee is subject to review by the commission on any question of law or fact upon the filing of an application for review with the commission within fifteen calendar days after the decision of the referee is rendered. If an application for review is not timely filed with the commission, the decision of the referee becomes the final decision of the commission as of the date the decision was rendered. If an application for review is timely filed with the commission and, after a review of the application by the commission, the application is denied, the decision of the referee becomes the final decision of the commission as of the date the application is denied. The final decision of the commission shall be subject to review on any question of law or fact upon appeal to the court of appeal wherein the commission is located, upon application filed with the commission within thirty calendar days after its decision becomes final.

Before deciding *Reimer*, 688 So.2d 165, the fourth circuit concluded that an employment-based tort suit against a government body could be brought in district court in *Landrum v. Board of Commissioners of the Orleans Levee District*, 95-1591 (La.App. 4 Cir. 11/27/96), 685 So.2d 382. The plaintiff in *Landrum*, a police officer working for the levee board, was terminated for failing a drug test. He pursued his employment-based claims before the Civil Service Commission and ultimately reached a settlement on these claims with his employer, whereby he was reinstated with back pay and allowed to voluntarily resign. In his subsequent tort suit, the plaintiff in *Landrum* claimed that the levee board improperly divulged his drug tests to the public. The *Landrum* court, mindful that the constitutional provision that grants judicial authority to the State Civil Service Commission is narrowly construed since it is an exception to the general rule that district courts have jurisdiction over all civil matters, held that since the plaintiff had no claims arising from either suspension or removal, the district court had subject matter jurisdiction.

Defendants also rely on *Myers v. Ivey*, 93-1166 (La.App. 3 Cir. 4/6/94), 635 So.2d 632, wherein a police officer filed an action for intentional infliction of emotional distress against his supervisors in the police department and the City of Lake Charles after receiving a notice of disciplinary action that demoted and suspended him. The third circuit, on its own motion, held that the district court had no subject matter jurisdiction over the employee's claim. Plaintiff was attempting to "circumvent the exclusive jurisdiction of the City Civil Service Commission by filing this tort action against his supervisors and the department alleging a conspiracy to intentionally inflict emotional distress." *Id*. at 633.

Conversely, in its writ denial in *Westmoreland v. Louisiana Department of Health & Hospitals*, 99-651 (La.App. 3 Cir. 6/1/99), 735 So.2d 944, the third circuit declined to follow its own prior holding, stating in pertinent part:

8

Although we are aware of this court's opinion in *Myers v. Ivey*, 93-1166 (La.App. 3 Cir. 4/6/94); 635 So.2d 632, we choose not to follow *Myers, supra*. The plaintiff in this case is not attempting to circumvent the exclusive jurisdiction of the civil service commission as he has pursued his remedies with the commission. Although the allegedly tortious conduct of defendants is connected to the disciplinary action taken against plaintiff, the instant suit seeks damages for the tort of defamation which is not within the jurisdiction of the civil service commission.

Our opinion in *Louisiana Department of Agriculture & Forestry v. Sumrall*, 98-1587 (La. 3/2/99), 728 So.2d 1254, is instructive. The issue in *Sumrall* was whether the State Civil Service Commission had the authority to enact rules which would afford a classified employee a right of appeal to the State Civil Service Commission on claims of discrimination. In concluding the State Civil Service Commission did not have the authority to enact such rules, we explained:

> [T]he constitution places within the Commission's quasi-judicial power two categories of claims: (1) discrimination claims provided for in Section 8(B); and ***(2) removal or disciplinary claims provided for in Sections 12(A)*** and 8(A). We have already held the rules enacted by the Commission purporting to expand its appellate jurisdiction unconstitutional, and that includes the rule authorizing an appeal on claims of discrimination due to membership or nonmembership in a private organization. Thus, the Commission does not have the power, either under the constitutional provisions or under their own rules, to entertain the pure 10(A)(3) claim, (unless the plaintiff is asserting that the discrimination was the basis for his removal or discipline under Section 12). Hence, we must look elsewhere for the Article X, Section 10(A)(3) plaintiff's forum.

> As we stated above, district courts have jurisdiction over all civil claims not otherwise provided for in the constitution. Article X, Section 10(A)(3) claims are not included by the constitution in the Commission's jurisdiction. ***Thus, Article V, Section 16(A), providing that district courts "shall have original jurisdiction of all civil and criminal matters," makes it clear that this plaintiff will bring his claim of discrimination*** based upon membership or non-membership in a private organization ***to the district court***.

> In sum, any classified employee asserting a discrimination claim based upon political or religious beliefs, race or sex, may bring their case to the Commission. ***Any individual asserting a cause of action based upon a form of discrimination not within the scope of the Commission's quasi-judicial power expressed in Article X, Sections 8 and 12, may not bring his claim to the Commission[,] but has recourse in the district courts. Other laws, state statutes, and provisions of the constitution create assertable individual rights to***

9

> *be free from many forms of discrimination.   Plaintiffs seeking*
> *protection under any of these laws may take refuge in the district*
> *courts of this state.*

*Id.* at 1264 (emphasis added).

The above-referenced cases provide useful guidance, but do not squarely address the issue presented in the instant matter.  More pertinent than jurisprudence are the commands of our constitution.

The constitutional guarantee of access to the courts found in Article I, § 22, of the Constitution reads:  "All courts shall be open, and every person shall have an adequate remedy by due process of law and justice, administered without denial, partiality, or unreasonable delay, for injury to him in his person, property, reputation, or other rights."  "Article 1 of the Constitution, the Declaration of Rights Article, 'protects the rights of individuals against unwarrantable government action and does not shield state agencies from law passed by the people's duly elected representatives.'"  *Wooley v. State Farm Fire & Cas. Ins. Co.*, 04-882 (La. 1/19/05), 893 So.2d 746, 768 (quoting *Bd. of Comm'rs of Orleans Levee Dist. v. Dep't of Nat. Res.*, 496 So.2d 281, 287 (La.1986) (on rehearing)). "This provision, like the fourteenth amendment to the United States Constitution, protects fundamental interest to a greater extent than interests that are not considered of fundamental constitutional importance." *Everett v. Goldman*, 359 So.2d 1256, 1268 (La.1978).

Certainly plaintiffs' terminations from the State Police, even if due to alleged violations of employment policy and state law, are at the heart of their civil suit.  This would seem to indicate that La.Const. art. X, § 50 provides for the State Police Commission to have jurisdiction over such a matter.  The State Police Commission can hear claims related to removals based on alleged violations of employment policy and state law; however, it is powerless to award damages for the type of tort damages sought by plaintiffs.  Plaintiffs specifically allege tortious

conduct occurred when the State Police twice took its "fabricated" investigative findings to the Lafayette Parish District Attorney and requested a grand jury hearing on the matter.

This is a civil matter pursuant to Article V, § 16(A)(1) involving an exercise of judicial power. Thus, we agree with the conclusion reached in this matter by the lower courts finding subject matter jurisdiction is proper in district court. Therefore, the appellate court's decision is affirmed.

## CONCLUSION

For the foregoing reasons, we affirm the decisions of the lower courts overruling defendant's exception of lack of subject matter jurisdiction.

**AFFIRMED.**