# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

RITTIRONG CHAROENPAP

VERSUS

THE STATE OF LOUISIANA
THROUGH THE DEPARTMENT OF
TRANSPORTATION AND
DEVELOPMENT

NO.  2022 CW 0671

AUGUST 12, 2022

---

In Re:    Rittirong Charoenpap, applying for supervisory writs, 21st Judicial District Court, Parish of Livingston, No. 172341.

---

BEFORE:    WHIPPLE, C.J., GUIDRY AND WOLFE, JJ.

WRIT GRANTED.  The trial court's April 4, 2022 judgment granting the dilatory exception of prematurity filed by the State of Louisiana through the Department of Transportation and Development and staying plaintiff Rittirong Charoenpap's suit pending resolution of his appeal with the Louisiana Civil Service Commission is vacated.  This court finds the issue herein is more properly considered one of subject matter jurisdiction, which may be raised at any time, even by the court on its own motion, and at any stage of an action.  **Williams v. International Offshore Services, LLC,** 2011-1240 (La. App. 1st Cir. 12/7/12), 106 So.3d 212, 217, writ denied, 2013-0259 (La. 3/8/13), 109 So.3d 367.  The trial court has no jurisdiction to address plaintiff's claims that fall within the exclusive jurisdiction of the Civil Service Commission, such as his claims for back pay, merit increases, or loss of benefits.  See La. Const. art. X, § 12; **Goldsby v. State, Dept. of Corrections,** 2003-0343 (La. App. 1st Cir. 11/7/03), 861 So.2d 236, writs denied, 2004-0328, 2004-0330 (La. 4/8/04), 870 So.2d 271; **McCain v. City of Lafayette,** 98-1902 (La. App. 3d Cir. 5/5/99), 741 So.2d 720, writ denied, 99-1578 (La. 9/17/99), 747 So.2d 563, cert. denied, 528 U.S. 1118, 120 S.Ct. 939, 145 L.Ed.2d 817 (2000).  Accordingly, those claims are dismissed without prejudice.  However, the trial court has subject matter jurisdiction over plaintiff's remaining claims for damages pursuant to La. R.S. 30:2027(B)(1)&(2)(b).

VGW
JMG
EW

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
FOR THE COURT